

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HOWARD LEE WHITE, et al.,

    Plaintiff,

vs.

DAVID HANKE, et al.,

    Defendants.

Case No. 3:07-CV-00255-BES-(VPC)

**ORDER**

    Plaintiff White, who is a prisoner in the custody of the Nevada Department of Corrections, 28 U.S.C. § 1915(h), has submitted an Application to Proceed in Forma Pauperis (#1) and a Complaint. The Court finds that Plaintiff White is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must still pay the filing fee through monthly installments. 28 U.S.C. § 1915(b)(2).

    The Court has reviewed the Complaint and finds that this action must be dismissed. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering

1  whether the plaintiff has stated a claim upon which relief can be granted, all material
2  allegations in the complaint are accepted as true and are to be construed in the light most
3  favorable to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).
4  Allegations of a pro se complainant are held to less stringent standards than formal pleadings
5  drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

6  The Complaint actually names several people as plaintiffs besides Plaintiff White.
7  However, they did not submit applications to proceed in forma pauperis, and they did not sign
8  the Complaint.  See Fed. R. Civ. P. 11.  Correction of these omissions is unnecessary
9  because the Court is dismissing the action.

10  Plaintiff White seeks certification of this action as a class action.  By proceeding pro
11  se, Plaintiff White cannot maintain a class action because "[h]e has no authority to appear as
12  an attorney for others than himself."  McShane v. United States, 366 F.2d 286, 288 (9th Cir.
13  1966); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).

14  Plaintiff White claims pursuant to 42 U.S.C. §§ 1983 and 1985 that officials in Washoe
15  County coerce criminal defendants into pleading guilty because of their poverty or race.  He
16  asks for declaratory and injunctive relief.

17  To the extent that Plaintiff White is facing pending criminal charges, this Court must
18  generally abstain from interfering with pending state criminal cases.  Younger v. Harris, 401
19  U.S. 37, 41 (1971).  "Abstention is appropriate if (1) there are ongoing state judicial
20  proceedings, (2) the proceedings implicate important state interests, and (3) there is an
21  adequate opportunity in the state proceedings to raise federal questions."  Gartrell Const. Inc.
22  v. Aubry, 940 F.2d 437, 441 (9th Cir. 1991) (citing Middlesex County Ethics Comm. v. Garden
23  State Bar Ass'n, 457 U.S. 423, 432 (1982)).  The state has an important interest in
24  prosecuting its criminal cases, and Plaintiff can raise his claims of discrimination in the state-
25  court proceedings.  The Court will abstain from intervention.

26  To the extent that the state court has entered a judgment of conviction against Plaintiff
27  White, which is possible because he is currently in prison, his claims, if proven, would imply
28  the invalidity of that judgment.  Plaintiff White must first have that judgment overturned though

direct appeal, the state post-conviction process, or a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Until then, this action is premature.

Amendment of the Complaint cannot cure these defects. The relief that Plaintiff White seeks is simply not available in an action pursuant to 42 U.S.C. §§ 1983 and 1985. See Noll v. Carson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Because the Court has dismissed all federal-law causes of action, it declines to exercise its supplemental jurisdiction over the remaining state-law causes of action. 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that Plaintiff White's Application to Proceed in Forma Pauperis (#1) is **GRANTED**. Plaintiff White shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff White's account (inmate #24575), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

///
///
///

1   IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint.
2   IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim
3   upon which relief can be granted. The Clerk of the Court shall enter judgment accordingly.
4   DATED this 6 day of NOVEMBER, 2007.

BRIAN SANDOVAL
United States District Judge